UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOLLY BELLE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendants. | Case No. 2:19-cv-00077-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis (ECF No. 1), filed on January 18, 2019.

## **BACKGROUND**

Plaintiff is proceeding *pro se*. She alleges a claim against the Social Security Administration (SSA). Plaintiff appears to challenge its denial of social security benefits on behalf of her son. Plaintiff appears to allege that the Social Security Commissioner denied his social security benefits and seeks judicial review of that decision.

## **DISCUSSION**

**I.  Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.  Representation of Minor Children**

Plaintiff is proceeding *pro se* and is the named Plaintiff in this matter. Although not explicitly stated, it appears that she attempts to bring a claim on behalf of her minor child. A

1

litigant in federal court has a right to act as his or her own counsel. *See* 28 U.S.C. § 1654 (1982). The Ninth Circuit, however, has expressly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer. *Tagle v. Clark Cty.*, 2016 WL 1064474, at *2 (D. Nev. Mar. 17, 2016), aff'd, 678 F. App'x 600 (9th Cir. 2017) (quoting *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)). The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions. *Id. See also* Fed. R. Civ. P. 1(b). There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others. *Johns*, 114 F.3d at 876. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. *Id.*

A parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer. Because Plaintiff is not represented by an attorney in this matter, she may not bring claims on behalf of her minor child. Plaintiff must, therefore, retain new counsel if she intends to litigate this matter. Plaintiff shall have until **February 15, 2019** to advise the Court if she will retain new counsel.

**III. Screening of the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To satisfy the screening requirements with respect to social security appeals, a plaintiff must set forth the following: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012)).

The Court will refrain from screening Plaintiff's complaint until she advises the Court as to whether she will retain counsel to continue to litigate this matter.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 15, 2019** to advise the Court if she will retain new counsel.

Dated this 18th day of January, 2019.

GEORGE FOLEY, JR
UNITED STATES MAGISTRATE JUDGE