UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DOLLY BELLE,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,[1]

    Defendant.

Case No. 2:19-cv-00077-JAD-EJY

**ORDER**

This matter is before the Court regarding Plaintiff's Response (ECF No. 11) to this Court's Order to Show Cause (ECF No. 10). Plaintiff seeks judicial review of the Social Security Administration's denial of disability benefits on her son's behalf.

The Court stated in its February 25, 2020 Order to Show Cause that:

> Plaintiff failed to timely advise the Court whether she would retain counsel on behalf of her minor child, nor did she file a renewed motion for appointment of counsel. However, on June 24, 2019, Plaintiff filed a letter notifying the Court that she has "been through at least 10 attorneys . . . who accepted [her] case, and then in very short time . . . , contact[ed her] telling [her] that they can no longer represent [her] child." ECF No. 8 at 2.
> Although the Court is sympathetic to Plaintiff's predicament, it is constrained by Circuit precedent, which holds that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). In addition, Plaintiff has not provided supporting documents to establish that she has exhausted her administrative remedies [on her son's behalf], nor has she established that this action was commenced within sixty days after notice of a final decision by the Commissioner.
> Accordingly,
> IT IS HEREBY ORDERED that Plaintiff is directed to show cause, in writing, no later than March 17, 2020, why this matter should not be dismissed for failure to comply with this Court's March 28, 2019 Order (ECF No. 7). Failure to timely respond to this Order to Show Cause shall result in a recommendation to the District Judge that this case be dismissed.

ECF No. 10 at 2:19–3:7.

---

[1] Andrew Saul is the current Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

On March 3, 2020, Plaintiff timely responded to the Order to Show Cause, but failed to discuss whether she seeks to retain counsel on behalf of her minor child, court-appointed or otherwise. ECF No. 11. Plaintiff also did not attach any supporting documents to establish that her son's administrative remedies have been exhausted, nor to show that this suit was commenced within sixty days after notice of a final decision by the Commissioner. Plaintiff, however, did attach supporting documents respecting her son's recent hospital visit and his Individualized Educational Program. ECF No. 11-1.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). However, the Court may ask an attorney to represent an indigent litigant pursuant to 28 U.S.C. § 1915(e)(1). The Court cannot require counsel to represent a party under this statute or direct payment for a litigant's attorney's fees; the statute merely allows the Court to request that an attorney represent an indigent litigant on a pro bono basis. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

Attorneys admitted to practice in the District of Nevada have a strong tradition of providing pro bono representation to indigent litigants in civil cases. General Order 2014-01 established the Pilot Pro Bono Program ("Program") through which volunteer lawyers provide their time and resources to preserve access to justice for individuals unable to afford counsel and these lawyers greatly assist the court in the performance of its mission. At any time during the course of litigation, the Court may exercise its discretion to refer the case to the Program for the appointment of pro bono counsel. However, referral to the Program is not an endorsement of the merits of the case and it does not guarantee that an attorney will be willing and available to accept the appointment.

Based on the procedural posture of this case, the Court finds good cause to refer this case to the Pilot Pro Bono Program. This case is, therefore, referred to the Program for the purpose of screening for financial eligibility and identifying counsel willing and available to be appointed as pro bono counsel for Plaintiff's son. The scope of appointment shall be for all purposes through the conclusion of the case but does not extend to the appeal, if any, of a final decision.

1     Accordingly,

2     IT IS HEREBY ORDERED that this case is referred to the Pilot Pro Bono Program for appointment of counsel for the purposes identified herein. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case or guaranteeing that a volunteer lawyer will be willing and available to accept the appointment.

    IT IS FURTHER ORDERED that the Clerk of the Court SHALL mail Plaintiff a copy of General Order 2014-01 along with this Order.

    IT IS FURTHER ORDERED that the Clerk of the Court SHALL forward a copy of this Order to the Pro Bono Liaison.

    DATED THIS 5th day of March, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE